STATE OF CONNECTICUT *v.* JOY P. JAMES
(AC 32930)

Robinson, Bear and Dupont, Js.

Argued September 14—officially released November 27, 2012

*Carlton L. Hume*, with whom, on the brief, was *Tina Georgiades*, for the appellant (defendant).

*Marjorie Allen Dauster*, senior assistant state's attorney, with whom, on the brief, were *Kevin D. Lawlor*,

state's attorney, and *John E. Barney,* assistant state's attorney, for the appellee (state).

*Opinion*

BEAR, J. The defendant, Joy P. James, appeals from the judgment of the trial court denying her motion to withdraw and vacate her guilty plea. On appeal, the defendant claims that the trial court erred in denying her motion to withdraw and vacate her guilty plea because (1) its decision was based on an erroneous and overly narrow interpretation of General Statutes § 54-1j and (2) there is no evidence in the record that defense counsel or the court complied with the requirements of § 54-1j when the court conducted her plea canvass. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the present appeal. On November 16, 2009, the defendant entered a guilty plea to the charge that, on September 4, 2009, she committed larceny in the third degree in violation of General Statutes § 53a-124. The court canvassed the defendant regarding her plea and, after accepting the defendant's plea, sentenced her to three years incarceration, execution suspended, and three years of probation. Some time thereafter, the defendant obtained new defense counsel, who, on October 21, 2010, filed a motion to withdraw and vacate the defendant's guilty plea on the ground that her guilty plea was accepted in contravention of § 54-1j. On November 5, 2010, the court heard oral argument on the defendant's motion. At the conclusion of argument, the court denied the motion, concluding that the record contained no facts to demonstrate that the court's plea canvass did not comply with the requirements of § 54-1j. This appeal followed. Additional facts will be set forth as necessary.

## I

On appeal, the defendant first claims that the court erred in denying her motion to withdraw and vacate her guilty plea because the court's decision was based on an erroneous and overly narrow interpretation of § 54-1j. The defendant argues that § 54-1j sets forth three requirements: (1) the court must warn the defendant that there are possible immigration consequences of entering a guilty plea; (2) defense counsel must discuss with and advise the defendant regarding the possible immigration consequences; and (3) the court must canvass defense counsel as to whether defense counsel advised the defendant regarding the possible immigration consequences. The state argues that § 54-1j sets forth two requirements: (1) the court must address the defendant personally and (2) the court must determine that the defendant fully understands that immigration consequences may flow from entering a plea if the defendant is a noncitizen. We agree with the state.

To address the defendant's first claim, that the court's decision was based on an erroneous and overly narrow interpretation of § 54-1j, we must examine the statutory language of § 54-1j. We begin by setting forth our well settled standard of review regarding statutory interpretation. "Issues of statutory construction raise questions of law, over which we exercise plenary review. . . . The process of statutory interpretation involves the determination of the meaning of the statutory language as applied to the facts of the case, including the question of whether the language does so apply. . . .

"When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually

does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . The test to determine ambiguity is whether the statute, when read in context, is susceptible to more than one reasonable interpretation." (Citation omitted; internal quotation marks omitted.) *Felician Sisters of St. Francis of Connecticut, Inc.* v. *Historic District Commission*, 284 Conn. 838, 847, 937 A.2d 39 (2008).

Section 54-1j provides: "(a) The court shall not accept a plea of guilty or nolo contendere from any defendant in any criminal proceeding unless the court first addresses the defendant personally and determines that the defendant fully understands that if the defendant is not a citizen of the United States, conviction of the offense for which the defendant has been charged may have the consequences of deportation or removal from the United States, exclusion from readmission to the United States or denial of naturalization, pursuant to the laws of the United States. If the defendant has not discussed these possible consequences with the defendant's attorney, the court shall permit the defendant to do so prior to accepting the defendant's plea.

"(b) The defendant shall not be required at the time of the plea to disclose the defendant's legal status in the United States to the court.

"(c) If the court fails to address the defendant personally and determine that the defendant fully understands the possible consequences of the defendant's plea, as required in subsection (a) of this section, and the defendant not later than three years after the acceptance of

the plea shows that the defendant's plea and conviction may have one of the enumerated consequences, the court, on the defendant's motion, shall vacate the judgment, and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty."

We conclude that the language of § 54-1j is plain and unambiguous. Section 54-1j (a) permits a court to accept a defendant's plea only if the court conducts a plea canvass during which: (1) the court personally addresses the defendant and (2) the court determines that the defendant understands fully the possible immigration consequences that may result from entering a plea.

The defendant also seems to argue that the statute contains the requirements that defense counsel advise the defendant of the possible immigration consequences of entering a plea and that the court inquire as to whether this advisement occurred. This argument is based on the following language of the statute: "If the defendant has not discussed these possible consequences with the defendant's attorney, the court shall permit the defendant to do so prior to accepting the defendant's plea." General Statutes § 54-1j (a). We do not read this language, however, as requiring defense counsel to advise the defendant of the possible immigration consequences of entering a plea[1] or as requiring that the court specifically inquire as to whether defense counsel advised the defendant of the possible immigration consequences of entering a plea. Rather, we read this conditional language to direct the court, before accepting a plea, to provide the defendant an opportunity to discuss with defense counsel the possible immigration consequences of entering a plea if the court is

---

[1] We do not mean to imply that defense counsel has no such duty. Rather, we conclude only that any duty on the part of defense counsel to inform the defendant of possible immigration consequences does not stem from § 54-1j (a).

made aware that the defendant has not discussed those immigration consequences with defense counsel. The plain language of § 54-1j (a) is that "[i]f the defendant has not discussed these possible consequences with the defendant's attorney, the court shall permit the defendant to do so prior to accepting the defendant's plea."[2] We conclude, therefore, that the defendant's argument, that § 54-1j *requires* defense counsel to discuss the possible immigration consequences with the defendant and also *requires* the court to inquire specifically if defense counsel has discussed the possible immigration consequences with the defendant in the absence of an appropriate factual basis to do so, is not supported by the plain language of § 54-1j.

## II

The defendant next claims that the court erred in denying her motion to withdraw and vacate her guilty plea because neither the court nor defense counsel complied substantially with the requirements of § 54-1j. The state contends that the court did not err in denying the defendant's motion to withdraw and vacate her guilty plea because the court complied substantially with § 54-1j. We agree with the state.

"[A guilty] plea, once accepted, may be withdrawn only with the permission of the court. . . . Section 54-1j (c) permits the defendant, not later than three years after the acceptance of his guilty plea, to move to withdraw the plea if he can show that the court failed to comply with the requirements of § 54-1j (a). The burden is always on the defendant to show a plausible reason for the withdrawal of a plea of guilty. . . . Whether

---

[2] During the plea canvass, however, neither the defendant nor defense counsel informed the court that the defendant had not had the opportunity to discuss with defense counsel the possible immigration consequences of the plea. Thus, the court had no evidence before it that such a discussion did not occur, as subsequently alleged by the defendant in her motion.

such proof is made is a question for the court in its sound discretion, and a denial of permission to withdraw is reversible only if that discretion has been abused." (Citation omitted; internal quotation marks omitted.) *State* v. *Hall*, 303 Conn. 527, 532–33, 35 A.3d 237 (2012).

As stated in part I of this opinion, the plain and unambiguous language of § 54-1j does not require the court to inquire specifically whether defense counsel has advised the defendant regarding the possible immigration consequences of entering a guilty plea. Section 54-1j requires only that the court address the defendant personally and determine that the defendant understands fully the possible immigration consequences that may result from the plea if the defendant is a noncitizen. In the present case, the factual record of the defendant's plea canvass consists of the transcript of the November 16, 2009 plea canvass, which provides in relevant part as follows:

"The Court: All right. Ms. James, I would ask you first, [did you] have enough time to talk to [defense counsel] about your case?

"[The Defendant]: Yes, Your Honor.

"The Court: Are you satisfied with the advice you received?

"[The Defendant]: Yes, Your Honor.

\* \* \*

"The Court: Finally, I would tell you, Ms. James, only if it applied, if you are not a citizen of our country, such a conviction could possibly result in your deportation, exclusion from admission or denial of naturalization. Do you have any questions you would like to ask the court?

"[The Defendant]: No, Your Honor.

"The Court: Either counsel know of any reason why the plea should not enter?

"[Assistant State's Attorney]: No, sir.

"[Defense Counsel]: No, Your Honor."

As stated in *State* v. *Hall*, supra, 303 Conn. 533, "it [is] not necessary for the trial court to read the statute verbatim . . . [and, instead] only substantial compliance with [§ 54-1j is] required to validate a defendant's guilty plea." (Internal quotation marks omitted.); see also *State* v. *Malcolm*, 257 Conn. 653, 659–66, 778 A.2d 134 (2001).

This court in *State* v. *Aquino*, 89 Conn. App. 395, 405, 873 A.2d 1075 (2005), rev'd on other grounds, 279 Conn. 293, 901 A.2d 1194 (2006), discussed, in part, the questions that the trial court asked the defendant during its plea canvass and determined that the court's canvass substantially complied with the requirements of § 54-1j.[3] Specifically, the canvassing court asked the defendant (1) "[d]o you understand [that] if you are not a citizen of the United States, conviction of an offense with which you are charged could result in deportation, exclusion from admission into the United States or denial of naturalization rights pursuant to the laws of the federal government. Do you understand that?" and (2) "if [the defendant] had had enough time to discuss his plea with his attorney and whether he was satisfied with his attorney's advice and counsel . . . ." (Internal quotation marks omitted.) Id. The defendant replied affirmatively to both inquiries from the court. Id. We

---

[3] In *Aquino*, the claim presented on appeal dealt with whether defense counsel was obligated to inform the defendant of the actual immigration consequences that would result from entering a plea. In reaching our conclusion, we also discussed whether the defendant "was canvassed thoroughly as to the immigration consequences of his plea, in accordance with . . . § 54-1j." *State* v. *Aquino*, supra, 89 Conn. App. 405.

concluded that such canvassing and the correlating responses demonstrated that the defendant was advised adequately regarding the possible immigration consequences of his plea and, therefore, the trial court's canvass constituted substantial compliance with the statutory requirements of § 54-1j.[4] Id.

In the present case, the transcript of the plea canvass reveals that the court asked the defendant if she had enough time to speak with defense counsel and if she was satisfied with the advice she received. The defendant replied affirmatively to both questions. The court then informed the defendant of the possible immigration consequences of a guilty plea for a noncitizen and asked if she had any questions. The defendant responded to this question in the negative. Finally, the court asked both defense counsel and the assistant state's attorney whether there was any reason the plea should not enter. Both attorneys responded in the negative. Thus, the November 16, 2009 transcript of the defendant's plea canvass demonstrates that the court addressed the defendant personally and, in doing so, determined that the defendant understood fully the immigration consequences that could result if the defendant was a noncitizen. Furthermore, at no point during the plea canvass did the defendant or defense counsel inform the court that the defendant had not been advised of the possible immigration consequences of entering a guilty plea or that the defendant had any questions regarding the possible immigration consequences of entering her plea. The court was not required

---

[4] In *Aquino*, this court also discussed the defendant's acknowledgement that defense counsel had advised him that deportation was a possible consequence of his plea. *State* v. *Aquino*, supra, 89 Conn. App. 405. The discussion, however, occurred at the hearing on the motion to withdraw and vacate the defendant's guilty plea, not during the court's plea canvass. Id. Therefore, we conclude that this portion of the discussion has no bearing on whether the court's plea canvass substantially complied with § 54-1j.

to provide the defendant with an opportunity to discuss the possible immigration consequences with defense counsel before accepting her plea. Therefore, we conclude that the record demonstrates that the court complied with the requirements of § 54-1j when the court conducted the defendant's plea canvass.

The defendant also claims that the court erred in denying her motion to withdraw and vacate her guilty plea because defense counsel failed to advise her of the possible immigration consequences of entering a guilty plea. In response to this claim, the state contends that the defendant incorrectly relies on § 54-1j as the basis for her argument and that this claim would be raised more appropriately as an ineffective assistance of counsel claim pursuant to the sixth amendment to the United States constitution in a habeas corpus proceeding.[5] We agree with the state that this claim would be raised more appropriately in the context of a habeas corpus proceeding.[6] See *State* v. *Lubesky*, 195 Conn. 475, 484–85, 488 A.2d 1239 (1985).

On the basis of the foregoing, we conclude that the court did not abuse its discretion in denying the defendant's motion to withdraw and vacate her guilty plea.

The judgment is affirmed.

In this opinion the other judges concurred.

[5] We note that the defendant has not raised an ineffective assistance of counsel claim in this appeal.

[6] The defendant's motion to withdraw and vacate her guilty plea contained allegations that she told defense counsel that she actually was innocent of the charge of larceny in the third degree, that she pleaded guilty out of fear and duress, and that she never discussed with defense counsel nor was she advised of the deportation consequences of pleading guilty. The defendant neither sought to prove nor otherwise offered evidence to prove any of these factual allegations, and thus the court had no evidence before it other than the transcript of the plea canvass. In the context of a petition for a writ of habeas corpus, "a complete factual record can be developed." *State* v. *Gonzalez*, 205 Conn. 673, 684, 535 A.2d 345 (1987).