******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* EVANDRO M. LIMA
(AC 39400)

Sheldon, Elgo and Mihalakos, Js.

*Syllabus*

Convicted, following a plea of guilty, of the crime of conspiracy to commit larceny in the sixth degree, the defendant appealed to this court. He claimed that the trial court improperly denied his motion to vacate the judgment of conviction and to withdraw his plea because that court did not determine whether he understood the immigration consequences of his guilty plea prior to accepting it, as required by statute (§ 54-1j). *Held* that the trial court abused its discretion in denying the defendant's motion to vacate; at no time during the plea canvass did the trial court ask the defendant if he understood the potential immigration consequences of his guilty plea and, instead, simply advised him that his conviction could result in his removal or deportation from the United States, and, thus, the trial court did not substantially comply with the requirements of § 54-1j (a) prior to accepting the defendant's plea, and the court, in denying the defendant's motion to vacate, improperly relied on the facts that the defendant, when entering his guilty plea, had expressed his absolute satisfaction with his attorney's representation of him and told the court that there was no reason that his plea should not have been accepted, which were meaningless statements in the absence of some indication that the defendant knew and understood the potential consequences of his guilty plea.

Argued November 30, 2017—officially released March 6, 2018

*Procedural History*

Information charging the defendant with the crime of conspiracy to commit larceny in the sixth degree, brought to the Superior Court in the judicial district of New Britain, geographical area number seventeen, where the defendant was presented to the court, *Johnson, J.*, on a plea of guilty; judgment of guilty; thereafter, the court, *Dyer, J.*, denied the defendant's motion to vacate the judgment and withdraw his plea, and the defendant appealed to this court. *Reversed; further proceedings.*

*Vishal K. Garg*, for the appellant (defendant).

*Linda F. Currie-Zeffiro*, assistant state's attorney, with whom, on the brief, were *Brian Preleski*, state's attorney, and *Paul Rotiroti*, senior assistant state's attorney, for the appellee (state).

*Opinion*

SHELDON, J. The defendant, Evandro M. Lima, appeals from the judgment of the trial court denying his motion to vacate his conviction following his guilty plea to one count of conspiracy to commit larceny in the sixth degree in violation of General Statutes §§ 53a-48 and 53a-125b. The defendant claims that the trial court abused its discretion in denying his motion because, under General Statutes § 54-1j,[1] the court was required but failed to ask the defendant whether he understood the possible immigration consequences of pleading guilty before accepting his plea.[2] We agree with the defendant and reverse the judgment of the trial court.

The following procedural history is relevant to our resolution of this appeal. On August 1, 2014, the defendant entered a plea of guilty under the *Alford* doctrine[3] to conspiracy to commit larceny in the sixth degree after he conspired with another individual to commit a shoplifting at Price Chopper in Southington. During the plea canvass, the court asked the defendant several questions, including whether he was under the influence of alcohol, drugs or any other medication. The defendant answered in the negative. The court also asked the defendant whether he had had enough time to discuss his case with his attorney and was satisfied with his attorney's advice; whether his attorney had reviewed with him all of the evidence that the state claimed that it had to prove his guilt; and whether his attorney had informed him of the maximum possible penalty he was facing in the event of conviction. The court also asked the defendant if he knew that by pleading guilty, he was giving up his right to have a trial, to require the state to prove his guilt beyond a reasonable doubt, to confront and cross-examine witnesses and to present his own witnesses and his own testimony. The defendant responded in the affirmative to all of the court's inquiries. The court then told the defendant: "If you are not a U.S. citizen, this conviction may result in your removal from the United States or deportation under federal law." The court followed that admonition with the question: "Has anyone forced or threatened you to enter your plea today?" The defendant responded in the negative and affirmed that he was entering his plea of his own free will. The court asked the defendant: "[I]s there any reason why I shouldn't accept your plea?" The defendant responded: "Not at all." The court found that the plea was "knowingly and voluntarily made with the assistance of competent counsel," and thus ordered that it be accepted.

Thereafter, on August 11, 2015, pursuant to § 54-1j (a) and (c), the defendant filed a motion to vacate his conviction and withdraw his guilty plea, claiming that the trial court improperly failed to determine whether he understood the immigration consequences of his

guilty plea and that he had discussed the possible immigration consequences of the plea with his attorney before entering it. The trial court denied the defendant's motion, concluding: "By advising the defendant in this case that his conviction for conspiracy to commit larceny could result in his removal or deportation from the United States under federal law, the trial court adequately and substantially warned the defendant that his immigration status could be adversely affected as a consequence of his decision to plead guilty. Although the trial court did not specifically inquire of the defendant if he understood the potential immigration consequences, the transcript reflects that the trial court did personally address the defendant, and that the defendant was satisfied with his counsel's representation. Specifically, the defendant told the court that he was 'absolutely' satisfied with the representation that he received from his public defender. Additionally, subsequent to advising the defendant that his plea could result in his deportation or removal from the United States, the court asked the defendant if there was any reason why his plea should not be accepted. The defendant responded: '[N]ot at all.' Viewed in its entirety, the transcript indicates that the defendant understood the trial court's questions and remarks during the plea canvass. The court found the defendant's plea was knowingly and voluntarily made with the assistance of competent counsel. Implicit in that finding by the trial court is a determination that the defendant understood the court's warning about the possible immigration consequences of his guilty plea." The court then concluded that: "Based on the foregoing, the undersigned finds that the trial court substantially complied with the provisions of . . . § 54-1j when the defendant pleaded guilty and was sentenced on August 1, 2014."

On appeal, the defendant claims that the court erred in denying his motion to vacate the judgment on his guilty plea because the court failed to determine that he understood the possible immigration consequences of his guilty plea as required under § 54-1j (a).[4] We agree.

"[A guilty] plea, once accepted, may be withdrawn only with the permission of the court. . . . The burden is always on the defendant to show a plausible reason for the withdrawal of a plea of guilty. . . . Whether such proof is made is a question for the court in its sound discretion, and a denial of permission to withdraw is reversible only if that discretion has been abused." (Citation omitted; footnote omitted; internal quotation marks omitted.) *State* v. *Hall*, 303 Conn. 527, 532–33, 35 A.3d 237 (2012).

"Section 54-1j (a) provides that the court shall not accept a guilty plea without first addressing the defendant personally to ensure that he fully understands that, if he is not a United States citizen, his conviction may

have certain enumerated immigration consequences under federal law, and, further, if the defendant has not discussed these possible consequences with his attorney, the court shall permit him to do so before accepting his plea offer. Section 54-1j (c) provides that, if the court fails to comply with the requirements of subsection (a), and the defendant can demonstrate that his conviction may have one of the enumerated immigration consequences, the court, upon motion of the defendant within three years of the plea, shall vacate the judgment and permit the defendant to withdraw his guilty plea and enter a plea of not guilty.

"Thus, by its terms, [§] 54-1j (a) permits a court to accept a defendant's plea only if the court conducts a plea canvass during which . . . the court determines that the defendant understands fully the possible immigration consequences that may result from entering a plea . . . ." (Internal quotation marks omitted.) *State* v. *Lima*, 325 Conn. 623, 629, 159 A.3d 651 (2017). "[I]t [is] not necessary for the trial court to read the statute verbatim . . . [and, instead] only substantial compliance with the statute is required to validate a defendant's guilty plea." (Internal quotation marks omitted.) *State* v. *Lage*, 141 Conn. App. 510, 517, 61 A.3d 581 (2013).

Here, at no time did the court ask the defendant if he understood the potential immigration consequences of his guilty plea. The court simply advised the defendant that his conviction could result in his removal or deportation from the United States. Rather than ask the defendant if he understood that advisement, which arguably was insufficient to comply with § 54-1j (a),[5] the court asked the defendant if anyone had forced or threatened him to plead guilty. In denying the defendant's motion to vacate, the court relied upon the facts that the defendant, when entering his guilty plea, had expressed his absolute satisfaction with his attorney's representation of him and told the court that there was no reason "at all" that his plea should not have been accepted. Those statements by the defendant, however, are meaningless in the absence of some indication that the defendant knew and understood the potential consequences of his guilty plea. In other words, there is nothing in the record to indicate that the defendant knew that his attorney should have discussed the potential immigration consequences with him, and thus there could have been no basis for the defendant to express a dissatisfaction with his attorney for not advising him of those potential consequences. Similarly, if the defendant did not understand the potential immigration consequences of his guilty plea, he could not have known that said potential consequences might be a valid reason to ask the court not to enter his guilty plea.

In support of its argument that the court substantially complied with § 54-1j (a), the state relies upon *State* v.

*Hall*, supra, 303 Conn. 527. In *Hall*, our Supreme Court affirmed the judgment denying the motion to vacate the defendant's guilty plea and held that the court had substantially complied with § 54-1j (a) even though it had not addressed the defendant personally and determined whether he understood the immigration consequences of his guilty plea because it had, instead, asked the defendant's attorney if he had discussed those consequences with the defendant and whether the defendant understood them. Id., 536. In so ruling, the court explained that the trial court was entitled to rely upon the representations of the defendant's attorney that the defendant had been advised of and understood the potential immigration consequences of his guilty plea. Id. Because the sentencing court in the present case did not determine whether the defendant understood the potential immigration consequences of his guilty plea, either by asking the defendant personally or by asking the defendant's attorney, this case is readily distinguishable from *Hall*.

The state also cites *State* v. *Lage*, supra, 141 Conn. App. 510, in support of its argument that the canvass of the defendant substantially complied with § 54-1j (a). In *Lage*, this court affirmed the judgment denying the motion to vacate the defendant's guilty plea. During its canvass, the court told the defendant, inter alia: " 'If you are not a citizen of the United States, this is a felony, it could result in deportation, removal, denial of admission, exclusion from readmission or denial of naturalization. . . . Any questions about anything I've said?' " Id., 518. The defendant responded, " 'No, ma'am.' " Id. The court then asked the defendant if he "agree[d] to all of that" and whether he had "discussed it all with [his] attorney." (Internal quotation marks omitted.) Id. The defendant responded affirmatively to both questions. Id. This court affirmed the denial of the defendant's motion to vacate his guilty plea and held that the canvass was "more than sufficient to determine, on the basis of his responses, that [the defendant] understood the possible immigration consequences of his pleas . . . ." Id., 520. Unlike the defendant in *Lage*, the defendant here was not asked whether he understood or had any questions regarding the court's advisement that his guilty plea could lead to his deportation. Thus, *Lage* also is distinguishable from the case before us.

Finally, the state asserts that *State* v. *James*, 139 Conn. App. 308, 57 A.3d 366 (2012), supports its argument that the court substantially complied with § 54-1j (a). In *James*, the court addressed the defendant, inter alia, as follows: "Finally, I would tell you . . . only if it applied, if you are not a citizen of our country, such a conviction could possibly result in your deportation, exclusion from admission or denial of naturalization. Do you have any questions you would like to ask the court?" (Internal quotation marks omitted.) Id., 315.

The defendant responded that she did not. Id., 316. *James* also is distinguishable from the present case because, here, the court did not ask the defendant if he had any questions about or understood the possibility of deportation, of which he had just been advised.

On the basis of the foregoing, we conclude that the court erred in finding that the canvass of the defendant substantially complied with § 54-1j (a) because there was no determination that the defendant understood the potential immigration consequences of his guilty plea before he entered it. Therefore, the court abused its discretion in denying the defendant's motion to vacate his guilty plea.

The judgment is reversed and the case is remanded with direction to grant the defendant's motion to vacate the judgment of conviction and withdraw his guilty plea and for further proceedings according to law.

In this opinion the other judges concurred.

[1] General Statutes § 54-1j (a) provides: "The court shall not accept a plea of guilty or nolo contendere from any defendant in any criminal proceeding unless the court first addresses the defendant personally and determines that the defendant fully understands that if the defendant is not a citizen of the United States, conviction of the offense for which the defendant has been charged may have the consequences of deportation or removal from the United States, exclusion from readmission to the United States or denial of naturalization, pursuant to the laws of the United States. If the defendant has not discussed these possible consequences with the defendant's attorney, the court shall permit the defendant to do so prior to accepting the defendant's plea."

General Statutes § 54-1j (c) provides: "If the court fails to address the defendant personally and determine that the defendant fully understands the possible consequences of the defendant's plea, as required in subsection (a) of this section, and the defendant not later than three years after the acceptance of the plea shows that the defendant's plea and conviction may have one of the enumerated consequences, the court, on the defendant's motion, shall vacate the judgment, and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty."

[2] The defendant also claims that the court failed to substantially comply with § 54-1j (a) because it did not advise him that one of said potential immigration consequences was the possible exclusion from readmission to the United States or denial of naturalization. Although the defendant did not assert this argument in his motion to vacate, the trial court addressed it. Because, however, we conclude that the court failed to determine whether the defendant understood the possible immigration consequences of his guilty plea in violation of § 54-1j, we need not address this additional claim of noncompliance.

[3] A defendant pleading guilty under the *Alford* doctrine neither admits guilt nor protests innocence, but merely acknowledges that the state can produce evidence that would be sufficient to obtain a conviction. See *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[4] The defendant does not claim on appeal that the court failed to ask whether he had spoken to his attorney about the potential immigration consequences of his guilty plea.

[5] See footnote 2 of this opinion.